NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHANIEL BASOLA SOBAYO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, et al.,<br><br>Defendants. | Case Number C 06-2348 JF (RS)<br><br>ORDER[1] GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND; AND GRANTING DEFENDANT GAINES' MOTION TO EXPUNGE *LIS PENDENS*<br><br>[re doc. nos. 6, 8 and 9] |

    Before the Court are: (1) a motion to dismiss brought by Defendant Washington Mutual Bank ("WaMu"); (2) a motion to dismiss brought by Defendants Sean Buckley and Buckley Real Estate, Inc. (collectively "Buckley"); and a motion to dismiss and to expunge *lis pendens* brought by Defendant Dodie Gaines ("Gaines"). Plaintiffs appeared at the hearing and filed a motion for a continuance of 120 days to seek legal counsel. The Court has considered Defendants' briefing as well as the oral arguments presented by defense counsel on July 28, 2006. For the reasons discussed below, the motions to dismiss will be granted with leave to amend and the motion to expunge *lis pendens* will be granted.

---

    [1] This disposition is not designated for publication and may not be cited.

# I. BACKGROUND

Plaintiffs Nathaniel Basola Sobayo ("Sobayo"), Christopher Franz Wuillemin ("Wuillemin") and Waltraud Wuillemin ("Waltraud"), proceeding *pro se*, filed the complaint in this action on April 4, 2006.[2] The complaint is twenty-one pages long[3] and appears to be a compilation of several different documents, including documents filed in related state court and bankruptcy proceedings. The Court has read the complaint carefully, but cannot discern the factual or legal basis of Plaintiffs' claims. Based upon the motions filed by Defendants and the documents of which Defendants request judicial notice, the Court infers that this action arises out of foreclosure on a piece of real property located in Little River, California ("the Little River property").

The Court gathers that Wuillemin acquired the Little River property in 1996 and thereafter encumbered it with a number of loans, including a first deed of trust held by WaMu and a second mortgage held by Buckley. Wuillemin filed a chapter 11 bankruptcy petition in May 2004. He may or may not have deeded the Little River property to Sobayo shortly before filing the chapter 11 petition. Waltraud is Wuillemin's mother, who may or may not have held an interest in the Little River property.

Wuillemin's bankruptcy was converted to chapter 7 in October 2004. John Richardson was appointed as the chapter 7 trustee ("the Trustee") and apparently was vested with title to the Little River property. Plaintiffs allege that the Trustee entered into some type of compromise agreement under which the Trustee would deed the Little River property back to Wuillemin and compromise certain claims between the Trustee and Sobayo, a creditor of the estate. It is unclear whether this compromise agreement actually was executed or approved by the bankruptcy court. It appears that the bankruptcy court entered an order in October 2005 allowing Buckley to foreclose upon its interest in the Little River property. Buckley did foreclose and in January

---

[2] The Court notes that the complaint designates Sobayo as "Attorney-In-Fact" for Wuillemin and Waltraud. It does not appear that Sobayo is admitted to the practice of law in California. Accordingly, he cannot represent anyone other than himself in this lawsuit.

[3] The pages are not numbered.

1  2006 the property was purchased by Gaines, subject to the WaMu deed of trust.

2  Shortly after the sale, Plaintiffs filed an action in the Santa Clara Superior Court against
3  Buckley and Gaines, seeking injunctive relief and damages. Plaintiffs also recorded a *lis pendens*
4  against the Little River property. The superior court sustained Defendants' demurrers to the
5  complaint without leave to amend and expunged the *lis pendens*. Plaintiffs sought
6  reconsideration of the order of expungement, which order was denied on April 4, 2006.
7  Plaintiffs filed the instant lawsuit on the same date, and recorded another *lis pendens* against the
8  Little River Property. The complaint appears to assert the following claims: (1) violation of the
9  Fair Credit Reporting Act ("FCRA"); (2) violation of unspecified California statutes prohibiting
10 consumer fraud; (3) violation of unspecified statutes prohibiting false advertising; (4) violation of
11 unspecified statutes prohibiting deceptive trade practices; and (5) injunctive relief either
12 preventing the foreclosure sale (which appears to have occurred already) or reversing the sale.
13 Plaintiffs seek injunctive relief and money damages in excess of $500,000,000.

## II. LEGAL STANDARD

15 "A court may dismiss a complaint only if it is clear that no relief could be granted under
16 any set of facts that could be proved consistent with the allegations." *Hishon v. King &*
17 *Spaulding*, 467 U.S. 69, 73 (1984). For purposes of a motion to dismiss, the plaintiff's
18 allegations are taken as true, and the Court must construe the complaint in the light most
19 favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The pleading of a
20 *pro se* litigant is held to a less stringent standard than a pleading drafted by an attorney, and is to
21 be afforded the benefit of any doubt. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim-Panahi*
22 *v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988). Further, a *pro se* litigant
23 must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint
24 cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir.
25 1995).

## III. DISCUSSION

27 As noted above, the details of Plaintiffs' claims are entirely unclear. While Plaintiffs
28 allege that they are suing under the FCRA, they do not specify what conduct of Defendants

violated the FCRA. Plaintiffs allege generally that Defendants' conduct violated a number of state statutes, but do not specify which statutes, alleging only that the relevant statutes "ARE YET TO BE RESEARCHED AND SITED [sic] BY AMENDMENTS NOW AND HITHERTO PRE-REQUESTED, BY PLAINTIFFS." Complt. ¶ 22. Plaintiffs also state a number of times in the complaint that they wish to time to attempt to hire "COMPETENT ATTORNEYS AND OR LAW FIRMS TO OVER SEE THIS CASE, BECAUSE OF THE COMPLEXITIES INVOLVED IN THIS SAME CASE." *Id.* at ¶ 9.

Plaintiffs' motion for a continuance, which was not presented until just before the hearing, is without merit. Despite being asked to do so by the Court, Plaintiffs offered no explanation as to why they could file a twenty-one page civil complaint without an attorney, but nonetheless require an attorney to file opposition to dismiss that same complaint.

Based upon the vague and confusing nature of Plaintiffs' allegations, the Court will dismiss the complaint with leave to amend. The Court notes that Plaintiffs' claims – whatever their nature – may well be barred under the doctrines of *res judicata* and collateral estoppel, because it appears that any claims arising out of the foreclosure sale were or could have been raised in the bankruptcy action or the state court action. Under the doctrine of *res judicata*, a valid final judgment on the merits of an action bars the parties or their privies from later asserting claims that were or could have been raised in the earlier action. *Riven v. Regions Bank of Louisiana*, 522 U.S. 470, 476 (1998). The phrase "were or could have been raised" refers to "legal theories arising out of the same transactional nucleus of facts, rather than to distinct causes of action." *Hells Canyon Preservation Council v. United States Forest Service*, 403 F.3d 683, 686 n.2 (2005). The Ninth Circuit has made clear that the doctrine does not go so far as to bar *any* claims that could have been joined in the original action, but only those claims arising out of the same facts that were litigated in the original action. *Id*. Under the doctrine of collateral estoppel, sometimes referred to as issue preclusion, a valid final judgment binds the parties in a subsequent action, whether on the same or a different claim, with respect to any issue that actually was litigated and decided in the earlier action. *Baker v. General Motors Corp.*, 522 U.S. 222, 233 n.5 (1998).

1    The Court has serious doubts as to whether Plaintiffs can overcome these and other deficiencies in their complaint.  However, in light of the liberal pleading standards applicable to *pro se* litigants, the Court will afford Plaintiffs an opportunity to amend their complaint before considering whether dismissal without leave to amend is appropriate.

   The Court will grant Gaines' motion to expunge the *lis pendens*.  A *lis pendens* gives potential purchasers constructive notice of pending litigation, ensuring that anyone who acquires an interest in the property takes subject to any judgment rendered in the litigation.  *Orange County v. Hongkong And Shanghai Banking Corp. Ltd.*, 52 F.3d 821, 825 (9th Cir. 1995).  This Court applies the California *lis pendens* statutes when analyzing Gaines' motion to expunge.  *See id*. at 823-24.  Under those statutes, "[a]t any time after notice of pendency of action has been recorded, any party, or any nonparty with an interest in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice."  Cal. Civ. Proc. Code § 405.30.  The Court shall order the *lis pendens* expunged "if the court finds that the pleading on which the notice is based does not contain a real property claim," Cal. Civ. Proc. Code § 405.31, or "if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim," Cal. Civ. Proc. Code § 405.32.  The claimant has the burden of proof under §§ 405.31 and 405.32.

   As is discussed above, the facts supporting Plaintiffs' claims are entirely unclear, and Plaintiffs did not file written opposition to Gaines' motion to expunge.  Accordingly, the Court concludes that Plaintiffs have failed to meet their burden of establishing that their complaint contains a real property claim and the probable validity of such claim.

   Gaines additionally assert that he was not properly served with the *lis pendens* as required by California Civil Procedure Code § 405.22.  Gains Decl. ¶ 5.  A *lis pendens* is void as to any adverse party or owner of record unless the notice requirements of § 405.22 are met.  Accordingly, Gaines' uncontested statement that he was not served with the *lis pendens* as required by statute provides an additional basis for granting his motion to expunge.

**IV. ORDER**

(1) Defendants' motions to dismiss are GRANTED WITH LEAVE TO AMEND; any amended complaint shall be filed and served on or before August 31, 2006; and

(2) Defendant Gaines' motion to expunge *lis pendens* is GRANTED; the *lis pendens* is HEREBY EXPUNGED.

DATED: 7/28/06

_____
JEREMY FOGEL
United States District Judge

1 | A copy of this Order was served on the following persons:

2 | Plaintiffs <u>pro se</u>:

3 | Nathaniel Basola Sobayo
Christopher Franz Wuillemin
4 | Waltraud Wuillemin
1608 Hollenbeck Avenue, # 1
5 | Sunnyvale, CA 94087-5403

6 | Counsel for Defendant Washington Mutual Bank:

7 | Michael B. Tannatt
Theresa M. Marchlewski
8 | Office of the General Counsel
9200 Oakdale Avenue, 7th Floor
9 | Mail Stop N 110701
Chatsworth, CA 91311

10 |
Counsel for Defendants Buckley Real Estate, Inc. and Sean Buckley:
11 |
Mark J. Romeo
12 | Law Offices of Mark J. Romeo
130 Sutter Street, 7th Floor
13 | San Francisco, CA 94104

14 | Counsel for Defendant Dodie Gaines:

15 | Christopher E. Schumb
Law Offices of Christopher E. Schumb
16 | 10 Almaden Blvd., Suite 1250
San Jose, CA 95113

17
18
19
20
21
22
23
24
25
26
27
28

Case No. C 06-2348 JF (RS)
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND ETC.
(JFLC2)