**Original Filed 1/10/2007**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NATHANIEL BASOLA SOBAYO, et al., | Case Number C 06-02348 JF |
| Plaintiffs, | ORDER[1] DENYING MOTION TO RECONSIDER OR VACATE JUDGMENT |
| v. | |
| WASHINGTON MUTUAL BANK, et al. , | [re: docket no. 20] |
| Defendants. | |

**I. BACKGROUND**

On November 1, 2006, the Court entered judgment for defendants Buckley Real Estate, Inc. and Sean C. Buckley ("the Buckley Defendants"). On November 6, 2006, Plaintiffs filed a motion to reconsider or vacate judgment. On December 20, 2006, the Buckley Defendants filed opposition to the motion. On December 28, 2006, defendant Washington Mutual joined the Buckley Defendants' opposition. On December 29, 2006, Defendant Dodie Gaines filed opposition to the motion. Plaintiffs filed an addendum to the motion on December 29, 2006.

**II. LEGAL STANDARD**

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 06-02348 JF
ORDER DENYING MOTION TO RECONSIDER OR VACATE JUDGMENT
(JFLC1)

1    Rule 60(b) provides in relevant part as follows:

2    On motion and upon such terms as are just, the court may relieve a party or a
     party's legal representative from a final judgment, order, or proceeding for the
3    following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2)
     newly discovered evidence which by due diligence could not have been
4    discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether
     heretofore denominated intrinsic or extrinsic), misrepresentation, or other
5    misconduct of an adverse party; (4) the judgment is void; (5) the judgment has
     been satisfied, released, or discharged, or a prior judgment upon which it is based
6    has been reversed or otherwise vacated, or it is no longer equitable that the
     judgment should have prospective application; or (6) any other reason justifying
7    relief from the operation of the judgment.

8    Fed. R. Civ. P. 60(b).  A Rule 60(b) motion must be made "within a reasonable time" and, with

9    respect to reasons (1), (2), and (3), cannot be made more than one year after the judgment, order,

10   or proceeding was entered or taken.  *Id*.  A Rule 60(b) motion does not affect the finality of a

11   judgment or suspend its operation.  *Id*.

12                                  **III. DISCUSSION**

13   Plaintiffs seek relief from the judgment in favor of the Buckley Defendants in the form of

14   a continuance that would allow them to secure legal representation.  Even assuming that Fed. R.

15   Civ. P. 60(b)(6) allows such relief, the Court concludes that it would not be appropriate in this

16   case.  Plaintiffs filed the instant action nine months ago, and their efforts to secure legal

17   representation apparently have been unsuccessful.  The Court dismissed the action with leave to

18   amend, but Plaintiffs failed to file an amended complaint within the prescribed time.  The Court

19   concludes that the possibility that Plaintiffs will obtain legal representation in the future does not

20   justify relief from the judgment entered on November 1, 2006.  Plaintiffs do not explain why they

21   expect to succeed on the merits.  Accordingly, the Court will deny the motion.

22        Defendants Washington Mutual Bank and Dodie Gaines, against whom the action also

23   was dismissed on July 28, 2006, have asked the Court to enter judgment for them because

24   Plaintiffs failed to amend their complaint within the prescribed time.  Plaintiffs object to the

25   proposed judgment on the same basis that they ask for relief from the judgment in favor of the

26   Buckley Defendants.  For the same reasons that it concludes that it must deny the Rule 60(b)

27   motion, the Court concludes that it should not defer entry of judgment for the remaining

28   defendants.  Accordingly, the Court will enter judgment for Defendants Washington Mutual

                                            2

1   Bank and Dodie Gaines.

2                                 **IV. ORDER**

3       Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to reconsider

4   or vacate the judgment is DENIED.  The clerk shall close the file.

5

6   DATED: January 10, 2007.

7

8

9                                                   JEREMY FOGEL
                                                    United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            3
Case No. C 06-02348 JF
ORDER DENYING MOTION TO RECONSIDER OR VACATE JUDGMENT
(JFLC1)

1  Copies of this order have been served upon the following persons:

2  Mark J. Romeo                romeolaw@msn.com

3  Michael Bruce Tannatt        michael.tannatt@wamu.net, stacey.elliott@wamu.net

4  Notice will be delivered by other means to:

5  Theresa M. Marchlewski
   Office of the General Counsel
6  9200 Oakdale Ave., Seventh Floor
   Mail Stop N110701
7  Chatsworth, CA 91311

8  Christopher E. Schumb
   The Law Offices of Christopher E. Schumb
9  10 Almaden Blvd
   Suite 1250
10 San Jose, CA 95113

11 Nathaniel Basola Sobayo
   1608 Hollenbeck Avenue
12 Suite 1
   Sunnyvale, CA 94087-5403

13
   Christopher Franz Wuillemin
14 1608 Hollenbeck Avenue
   Apartment #1
15 Sunnyvale, CA 94087-5403

16 Waltraud Wuillemin
   1608 Hollenbeck Avenue
17 Apartment #1
   Sunnyvale, CA 94087-5403

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-02348 JF
ORDER DENYING MOTION TO RECONSIDER OR VACATE JUDGMENT
(JFLC1)